UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK-JOSEPH GROULX,

        *Plaintiff,*

v.

SAGINAW COUNTY ROAD
COMMISSION,

        *Defendant.*

        CASE NO. 1:22-cv-12049
        DISTRICT JUDGE THOMAS L. LUDINGTON
        MAGISTRATE JUDGE PATRICIA T. MORRIS

_____/

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

For the following reasons, I **RECOMMEND** that the Court **DISMISS** Plaintiff's complaint *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2) (2018).

**II.    REPORT**

    **A.    BACKGROUND**

Patrick-Joseph Groulx, proceeding *pro se*, filed suit in this Court on August 29, 2022, alleging violations of his civil rights under 42 U.S.C. § 1983 and § 1985 as well as violations of M.C.L. 247.665b by Defendant Saginaw County Road Commission. He also alleges that one of Defendant's employees "fraudulently" practiced law without a license. His application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a)(1) was granted on September 1, 2022. (ECF No. 5). Plaintiff alleges that Defendant violated his

14th Amendment right to due process by destroying his property "and injuring [his] special property." (ECF No. 1, PageID.2).

Plaintiff makes the following factual allegations. In 2018, he discovered several endangered plant and insect species on his property including the "Michigan Monkey Plant," a "rusty Patch bumblebee," "the Hines Green Dragonfly," Monarch butterflies, Mead's Milkweed, a "False Aster Plant," and "the Powershiek skipperling butterfly."[1] (*Id.*). Although Defendant was made aware that the portion of Plaintiff's property located in the right-of-way to a public road contained the endangered species, Defendant nonetheless mowed the area with a "mechanical machine" on multiple occasions, resulting in the destruction of the Michigan Monkey Plant, a pussy willow, and a False Astor Plant. (*Id.* at PageID.3-5, ¶¶ 9-10). Since 2019, Plaintiff has been arguing with Defendant "in a peaceful manner" to "stop cutting the ditch." (*Id.*). Despite Plaintiff's protestations, employees of Defendant mowed the ditch on June 28, 2022. (*Id.* at PageID.4). Plaintiff alleges that the June 28, 2022 mowing violated M.C.L. § 247.665b, "Mowing the Right-of-Way of Public Road," which states that "the right-of-way shall be protected from mowing between September 1 and the following July 15 except as permitted in this subsection." (*Id.* at PageID.11).

Plaintiff also alleges that Defendant "fraudulently maliciously" conspired with its employees to destroy his property in violation of M.C.L. § 247.655b. (*Id.* at PageID.5, ¶¶ 12-15). He alleges that one Defendant's employees "fraudulently practiced law" in

---

[1] The capitalization and spelling are drawn verbatim from the Complaint.

October 2021 when she "dictated the Michigan Ditch Law M.C.L. 247.655b" to him during a phone call. (*Id*. at PageID.6, ¶ 17).

### B.  LEGAL STANDARD

Because Groulx proceeds *in forma pauperis*, he subjects his claim to the screening standards in 28 U.S.C. § 1915(e)(2)(B). Under § 1915, courts may *sua sponte* review the complaints of all plaintiffs proceeding IFP and dismiss any before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

When considering whether a complaint states a claim, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). Still, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. (citations omitted). The complaint must include more than "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action." *Id.*

When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints

must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

    C.    **ANALYSIS**

    **1. The Due Process Claim (Count I)**

In Count I, Plaintiff claims that his "14th Amendment Right of due process to enjoy his land is deprived when defendant destroys it by cutting the plants, grass and trees in and around Plaintiff's ditch." (ECF No. 1, PageID.4). As to specific plants, Plaintiff alleges that by cutting vegetation in his "ditch," Defendant "exposed the Michigan Monkey Plaint to full sun light, killing it." (*Id.*). He also alleges that in 2021, some Decurrent False Aster plant seed fortuitously flew into his ditch but matured as a single plant outside the ditch. (*Id.* at PageID.5, ¶ 10). He alleges that "defendant killed the 'Decurrent' false aster plant when it cut Plaintiff's ditch." (*Id.*). Plaintiff does not allege that any trees were cut down. He seeks monetary compensation in the amount of two billion dollars plus pre-judgment interest. (*Id.*).

It thus appears that Plaintiff is alleging a violation of substantive due process. "[S]ubstantive due process protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them." *EJS Properties, LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012) (internal quotation and citation omitted). To establish a substantive due process violation, a plaintiff must have a protectable property interest. *See Tollbrook, LLC v. City of Troy*, 774 F. App'x 929, 933 (6th Cir. 2019). Moreover, a plaintiff must show that "the constitutionally protected interest has been deprived through arbitrary and capricious action." *EJS Properties*, 698

F.3d at 855. "As a general matter, the Court has always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 125 (1992).

Although it appears from the complaint that the "ditch" abuts a public access area such as a road, Plaintiff has alleged in Count I that it is his ditch, so for pleading purposes he has established a property interest in the ditch. He has not, however, made a plausible allegation that he has been deprived of the use of or access to the ditch sufficient to support a substantive due process claim. The Defendant has not taken his land for private use, and has not prevented ingress or egress to Plaintiff's property. The Defendant has not re-zoned the land in a way that deprives Plaintiff of its normal use.

Nor can it be plausibly argued that Plaintiff has a protectable due process interest in the vegetation that was cut down. To make out a substantive due process claim, a plaintiff must allege a deprivation of fundamental rights, which the Supreme Court has described as "those protected by specific constitutional guarantees, such as the Equal Protection Clause, freedom from government actions that 'shock the conscience,' and certain interests that the Supreme Court has found so rooted in the traditions and conscience of our people as to be fundamental." *Bell v. Ohio State Univ.*, 351 F.3d 240, 250 (6th Cir. 2003) (internal citation omitted)*; see also Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228, 2242 (2022) (Fourteenth Amendment due process "has been held to guarantee some rights that are not mentioned in the Constitution, but any such right must be deeply rooted in this Nation's history and tradition and implicit in the concept of ordered liberty.") (internal

citations and quotation marks omitted). In *Shoemaker v. City of Howell*, 795 F.3d 553, 564 (6th Cir. 2015), the Sixth Circuit held that a city ordinance requiring property owners to mow their curb strips did not implicate a fundamental right and did not constitute a substantive due process violation. ("In light of Shoemaker's ownership interest in the curb strip, no fundamental right is impacted by the Ordinance's requirement that he mow and otherwise maintain that land.").

In sum, cutting down some plants neither infringes on Plaintiff's use of his property, shocks the conscience, nor implicates a deeply rooted fundamental right that is implicit in the concept of ordered liberty. Plaintiff has no constitutional remedy in this Court.[2]

### 2. Conspiracy (Count II)

Plaintiff alleges that Defendant "conspired" with employees to violate a Michigan statute, M.C.L. § 247.665b. He seeks one billion dollars in damages. (ECF No. 1, PageID.5).

Under 42 U.S.C. § 1983, a plaintiff must allege that he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356,

---

[2] Plaintiff does not appear to challenge the Defendant's general right to mow or remove overgrown weed or grass pursuant to Michigan law, M.C.L. § 247.665b, rather he complains of the alleged destruction of specific plants. To the extent that he claims that Defendant acted negligently and without due care regarding the welfare of these plants, the Supreme Court has held that the Due Process Clause does not provide relief:

> "Far from an abuse of power, lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law."

*Daniels v. Williams*, 474 U.S. 327, 332 (1986).

364 (6th Cir. 2009). "Section 1983 does not provide a cause of action for violations of state law." *HYlak v. Bieszk*, No. 1:07-CV-421, 2007 WL 3253194, at *8 (W.D. Mich. Nov. 2, 2007). Likewise, a claim under 42 U.S.C. § 1985 requires a conspiracy to deprive a plaintiff of federal rights or privileges. *Id*. § 1985(3).

This Court does not have subject matter jurisdiction under § 1983 or § 1985 to hear Plaintiff's state law claim under M.C.L. § 247.665b. In addition, the statute in question provides that no monetary damages are available for non-compliance. Section 247.665b(6) states, "The road authority shall not provide compensation for any mowing or spraying that does not comply with this section."

Finally, Plaintiff's conspiracy claim is factually vague; it does not identify any of the alleged conspirators or when the conspiratorial agreement took place, simply stating in conclusory fashion that Defendant "knowing knows" that it conspired "multiple times" with unknown "employees." (ECF No. 1, PageID.5, ¶ 12). It is well settled that "conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient...." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987); *see also Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (something more than "personal belief" required to proof that the individual "is the victim of conspiracy").

### 3. Practicing Law Without a License (Count III)

Here, Plaintiff alleges that a "Jane Doe" employee of Defendant "dictated the Michigan Ditch Law [M.C.L. § 247.655b] to Plaintiff over the phone in 2021 in the Month

of October." (ECF No. 1, PageID.6). He claims that in reading the statute to him, this Jane Doe was "fraudulently" practicing law without a license. (*Id.*).

Because Plaintiff has failed to state a claim under § 1983 or § 1985, this Court does not have jurisdiction over this state law claim. Where "a federal court dismisses all pending federal claims before trial . . . it is usually best to allow the state courts to decide state issues." *Kowall v. Benson*, 18 F.4th 542, 549, 2021 WL 5351866 (6th Cir. 2021) (Remanding to the district court to dismiss the state law claims without prejudice).[3]

## III. CONCLUSION

For these reasons, I recommend that the Court *sua sponte* **DISMISS** Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file

---

[3] To the extent that it could be argued that the claims against "Jane Doe" are intertwined with the federal claims, the Court could find that the state claim is dismissible under Rule 12(b)(6). It cannot be concluded that simply reciting a statute over the phone constitutes practicing law without a license. And in any event, there is no separate tort of "practicing law without a license," which would be a matter covered by the Michigan Rules of Professional Conduct ("MRPC), specifically MRPC 5.5. In fact, MRPC 1.0(b) provides that a violation of the rules does not give rise to a private cause of action for damages:

> (b) Failure to comply with an obligation or prohibition imposed by a rule is a basis for invoking the disciplinary process. The rules do not, however, give rise to a cause of action for enforcement of a rule or for damages caused by failure to comply with an obligation or prohibition imposed by a rule.

*See also Est. of Carpenter by Reese v. Weiner & Assocs., PLLC*, No. 332142, 2017 WL 4942801, at *5 (Mich. Ct. App. Oct. 31, 2017) ("Michigan Rules of Professional Conduct 'do not ... give rise to a cause of action for enforcement of a rule'" including "practicing law without a license.") Plaintiff offers no support for the proposition that "dictating" (in others, words, reading) § 247.655b to him over the phone constitutes "practicing law." Finally, he does not allege that the unnamed individual claimed that she was an attorney.

specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: September 26, 2022　　　　　　　　　　　S/ PATRICIA T. MORRIS
　　　　　　　　　　　　　　　　　　　　　　　Patricia T. Morris
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge